UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THOMAS WILLS,

        Plaintiff,                    Case No. 1:13-cv-607

v.                                         Honorable Robert J. Jonker

UNKNOWN DREYBECK et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Upon initial review, the Court has determined that the allegations of the complaint are sufficient to warrant service. The matter now is before the Court on Plaintiff's motion for a preliminary injunction (docket #3). For the reasons that follow, the motion is denied.

## Background

Plaintiff presently is incarcerated at the Baraga Maximum Correctional Facility but complains about events that occurred at the Ionia Maximum Correctional Facility (ICF). In his *pro se* complaint, he sues ICF Corrections Officers Unknown Dreybeck, Unknown First and Unknown Richie.

In his motion, Plaintiff asserts that injunctive relief is required to protect him and another prisoner from retaliation by Defendants Dreybeck, First and Richie.[1] In violation of his First

---

[1] Plaintiff also seeks injunctive relief for prisoner Steven Alexander. Plaintiff may not seek an injunction protecting other prisoners because he lacks standing to assert the constitutional rights of other prisoners. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6,

Amendment rights, Plaintiff complains that Defendants retaliated against him for filing a complaint against Defendant Dreybeck and for filing grievances. Apparently, Defendants have denied Plaintiff showers, yard time, grievances and hygiene products and have threatened him.

Plaintiff seeks preliminary injunctive relief in the form of an order (1) for Defendants to stop their retaliatory acts toward Plaintiff, and (2) to be transferred to another facility.

### Discussion

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy

---

1992). As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978). Moreover, prisoner Steven Alexander did not sign the complaint, and, thus, is not a plaintiff in this action.

burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made such a showing. It is not at all clear from Plaintiff's *pro se* complaint that Plaintiff has a substantial likelihood of success on his claims. Although the Court has concluded that Plaintiff's allegations are sufficient to warrant service of the complaint, the allegations are not sufficient at this early stage of the proceedings to show a strong likelihood of success on any of his constitutional claims.

The second factor, the presence of irreparable harm, does not strongly support the issuance of a preliminary injunction. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578. Despite earlier actions by Defendants, there is no evidence that Defendants have continued to retaliate against Plaintiff except for Plaintiff's conclusory allegations. Plaintiff therefore has not met his burden of showing an immediate, concrete and irreparable harm in the absence of a preliminary injunction. While Plaintiff states that there is a danger of future injury once Defendants learn of his lawsuit, his allegations are also largely conclusory.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prisoner care are vested in prison officials, in the absence of

a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover*, 855 F.2d at 286-87. That showing has not been made here. Moreover, the purpose of a preliminary injunction is to preserve the status quo until a trial on the merits can be held. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir.1997). Because Plaintiff's requested relief would alter the status quo, the public interest is not served by granting the motion for a preliminary injunction.

## **Conclusion**

For the foregoing reasons, the Court concludes that preliminary injunctive relief is not warranted. The Court therefore will deny Plaintiff's motion for a preliminary injunction (docket #3). An Order consistent with this Opinion will issue.


Dated:     June 28, 2013           /s/ Robert J. Jonker
                                                                      ROBERT J. JONKER
                                                                      UNITED STATES DISTRICT JUDGE