UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THOMAS WILLS,

        Plaintiff,                        Case No.  1:13-CV-607

v.                                        HON. ROBERT J. JONKER

UNKNOWN DRABEK, *et. al.*,

        Defendants,
_____/

## OPINION AND ORDER
## APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 46) filed on August 18, 2014. Plaintiff filed his objections to the Report and Recommendation (docket # 48) on August 28, 2014.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified. 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.  Plaintiff admits he failed to exhaust, as the Magistrate Judge found. Plaintiff simply maintains his claims that Defendants prevented him from exhausting.  But, as the Magistrate Judge found, there is no admissible record support for this claim.  Nothing in plaintiff's objections changes that.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.*  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Wills' claims under the *Slack* standard. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Wills' claims was debatable or wrong.  Thus, the Court will deny Wills a certificate of appealability.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 46) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

    1. Defendants' Motion for Summary Judgment (docket # 27) is **GRANTED.**

    2. The motions to intervene or for joinder filed by non-parties (dockets # 21 and 24) are **DENIED.**

A separate judgment will issue.

Dated:  September 5, 2014         /s/ Robert J. Jonker
                                                           ROBERT J. JONKER
                                                           UNITED STATES DISTRICT JUDGE